UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARRYL SHANE MURPHY                              CIVIL NO. 07-153 (RHK/JSM)

    Petitioner,

v.                                               REPORT AND RECOMMENDATION

Warden ROBERT FENEIS,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Docket No. 1]; Petitioner's Motion for Stay and Abeyance of this Petition for Writ of Habeas Corpus by a Person Being Held in State Custody [Docket No. 2], and Request for Leave to File Supplementary Affidavits and Exhibits [Docket No. 21].  Respondent has filed a Motion to Dismiss [Docket No. 15].

    This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).  For the reasons discussed below, it is recommended that:

    1.    Respondent's Motion to Dismiss [Docket No. 15] be **GRANTED**;

    2.    Petitioner's Motion for Stay and Abeyance of this Petition for Writ of Habeas Corpus by a Person Being Held in State Custody [Docket No. 2] be **DENIED**;

    3.    Petitioner's Request for Leave to File Supplementary Affidavits and Exhibits

1

[Docket No. 21] be **GRANTED**;[1] and

4.   Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

**I.   FACTUAL/PROCEDURAL BACKGROUND**

On January 21, 2004, Petitioner Darryl Shane Murphy was convicted by a jury in the Minnesota State District Court for Mille Lacs County, of two counts of second-degree felony murder for stabbing Christopher Smith in the heart. Petitioner was sentenced to 180 months in prison. Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that:

- His right to a fair trial was denied where the jury venire systematically underrepresented Native Americans because of the system's reliance on voter registration and driver's license lists.

- The prosecutor's use of a peremptory challenge to strike the only prospective juror who identified himself as partially Native American violated the Equal Protection Clause.

- The trial court erred in denying Petitioner's motion for a downward departure where there was evidence that the victim was the aggressor.

See Appellant's Brief to the Minnesota Court of Appeals at pp. 18, 27, 39 (attached as a part of the Appendix to Respondent's Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("Appendix")).

The Minnesota Court of Appeals issued its decision on May 24, 2005, rejecting the merits of Petitioner's claims. See State v. Murphy, No, A04-926, 2005 WL 1216635 (Minn. Ct. App. May 24, 2005). On June 10, 2005, Petitioner filed a Petition for Review of Decision

---

[1]   The Court has considered the additional documents submitted as a part of Petitioner's April 24, 2007 Affidavit in its decision on the present Petition for relief.

of Court of Appeals in the Minnesota Supreme Court. In this petition, Petitioner raised the same three issues he raised with the Court of Appeals. See Petition for Review of Court of Appeal at p. 2 (attached to Appendix). On July 19, 2005, the Minnesota Supreme Court denied the petition.

On January 11, 2007, Murphy filed the present Petition for writ of habeas corpus with this Court. The Petition asserts four claims:

> (1) Improper jury instructions, where a material misstatement of law occurred;
>
> (2) Denial of effective representation at trial;
>
> (3) Denial of effective representation on appeal; and
>
> (4) A complete denial of due process as a result of inaccurate jury instructions; prosecutorial misconduct; ineffective trial counsel; and a biased judge.

See Petition at pp. 5-6.

With regards to the exhaustion of his available state-court remedies, Petitioner represented that "[t]he claims herein alleged have not been raised in State court, nor in federal court; These claims were not raised because they are considered to be procedurally barred under state law, and circumstances exist to warrant their review here." Id. at p. 6.

On the same day Petitioner filed his Petition for Writ of Habeas Corpus, he also filed a Notice of Motion and Motion for Stay and Abeyance. Petitioner has asked this Court to hold his Petition in abeyance while he exhausts available state-court remedies with respect to all of his claims. He also claims that he is entitled to equitable tolling of the statute limitations due to the inaction of his legal counsel.

Respondent now moves to dismiss the Petition on grounds that it was not filed before the expiration of the one-year statute of limitations for habeas corpus petitions, and Petitioner is not entitled to equitable tolling or a stay and abeyance.  See Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus at p. 2.

## II.     DISCUSSION

### A.     Statute of Limitations

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA effected significant changes in the federal habeas corpus statutes, one of which, 28 U.S.C. § 2244(d), establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> **(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to § 2244(d)(1)(A), the one-year statute of limitations began to run in this case when the state court judgment pursuant to which Petitioner is being confined "became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]

For purposes of § 2244(d)(1)(A), the state court judgment, pursuant to which Petitioner is being held in confinement, became final "at 'the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filling a petition [for a writ of certiorari].'" Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003) (alteration in the original) (quoting Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002)). Certiorari petitions to the United States Supreme Court must be filed within 90 days after an entry of judgment in the state court of last resort. Sup. Ct. R. 13.1. As Petitioner did not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction for murder became final, and the one-year statute of limitations began to run, on October 17, 2005, ninety days after July 19, 2005, the date the Minnesota Supreme Court declined to Petitioner's challenge to his conviction on direct appeal. The statute of limitations imposed by § 2244(d)(1)(A) expired one year later, on October 16, 2006. Petitioner did not file his federal

---

[2] There is nothing on the face of the Petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. That is, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right or any new factual predicate that could not have been discovered earlier.

habeas corpus petition until January 11, 2007, which was almost three months after the statute of limitations had expired. It is therefore apparent that the instant Petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus one-year statute of limitations is tolled pursuant to § 2244(d)(2) when a person properly commences a post-conviction or other collateral review action in state court. The statute remains tolled during the entire period of time that such proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999); see also Williams, 299 F.3d at 983-84. However, the time in between the conclusion of all direct appeals and the date on which the application for state post-conviction or other collateral review is filed is a different matter. That time does count towards the one-year statute of limitations imposed by § 2244(d)(1)(A). See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

In this case, Petitioner did challenge his conviction in a collateral review action – i.e., via his January 9, 2007[3] Pro Se Petition for Post-Conviction Relief. See Memorandum of Law in Support of Petitioner-Movant's Motion for Stay and Abeyance of this Habeas Corpus Petition ("Pet.'s Stay Mem.") at p. 3. However, this state post-conviction petition was not filed until after Petitioner's conviction became final in October of 2005. Therefore, because the time between the conclusion of Petitioner's direct review and the initiation of his state post-conviction petition did count towards the one-year statute of limitations, the tolling provisions of § 2244(d)(2) cannot help him, and the instant Petition is time-barred.

In order to overcome the one-year statute of limitations, Petitioner asserts that that the statute of limitations should be equitably tolled. In support of this argument, Petitioner claimed that the misconduct and abandonment of his attorney, Mary M. McMahon, prevented him from filing a timely habeas petition in federal court. See Pet.'s Stay Mem. at p. 3. Petitioner retained McMahon in May of 2006 to assist him with state post-conviction proceedings. Id. at p. 2. According to Petitioner, he sent letters inquiring on the status of his case, and that in each response he received from McMahon, she "misled Petitioner into believing that his petition for state post-conviction relief would be filed 'soon.'" Id. at p. 3. Petitioner further maintains that McMahon allowed self-imposed deadlines and the one-year statute of limitations with regards to his habeas petition to expire without taking any action. Id. Petitioner terminated McMahon as his attorney on December 22, 2006, and filed a complaint

---

[3] In his memorandum, Petitioner stated that the filed his Petition for Post-Conviction Relief on January 9, 2006. However, this Court assumes this was a typographical error and that he meant to say 2007.

7

against her with the Minnesota State Lawyer's Professional Responsibility Board for her alleged failure to act with reasonable diligence on his case.

This Court recognizes that in the Eighth Circuit, the statute of limitations for habeas petitions is subject to equitable tolling in certain limited circumstances. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.), cert. denied, 539 U.S. 918 (2003). However, "[e]quitable tolling is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) (citation omitted). This Court finds that the facts in this case do not warrant a finding that "extraordinary circumstances" precluded Petitioner from filing a timely habeas petition. First, while Petitioner claims that McMahon misled him into believing that he sent numerous letters to McMahon inquiring on the status of his case and that in each of her responses, she misled him into believing that his state post-conviction petition would be filed "soon", none of the letters which Petitioner has provided the Court support this assertion. See Exs. 11, 14-18 attached to Affidavits of Petitioner dated April 10 and 24, 2007.

Second, equitable tolling will not apply to a case that involves only "attorney negligence, simple error, or even abandonment," but instead necessitates a finding that the petitioner's attorney "misrepresented the law, misrepresented the status of the case, and retained possession of documents that were crucial to the claim." United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005); see also Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting the petitioner's argument that the statute of limitations should be equitably tolled solely on the grounds that "his state post-conviction attorney failed to communicate with him and did not send his case file"), cert. denied 127 S.Ct. 96 (2006); Wien

<u>v. State of Minnesota</u>, Civil No. 06-3306 (MJD/JJG), 2007 WL 14349 at *4 (D. Minn. Jan. 03, 2007) ("Unless a habeas petitioner has been deliberately and egregiously misled by his counsel, by misrepresentations tantamount to fraud, equitable tolling cannot be based on the errors or omissions of an attorney."). Petitioner's unsupported assertion that McMahon misled him by telling him that his state post-conviction petition would be filed "soon" is not sufficient evidence for this Court to find that Petitioner was deliberately and egregiously misled by counsel to warrant equitable tolling of the statute of limitations in this case.

Finally, while the facts of this case do suggest that McMahon made a mistake or was negligent in analyzing the application and operation of the one-year statute of limitations dictated by the AEDPA, this conduct is not sufficiently egregious to lead to the application of equitable tolling in this case. McMahon's January 24, 2007 letter regarding Petitioner's complaint to the Minnesota State Lawyer's Professional Responsibility Board is instructive on this matter:

> Mr. Murphy did not have a valid federal claim based on his original appeal. Mr. Murphy filed a direct appeal which was affirmed by the Court of Appeals. A Petition for Review to the Minnesota Supreme Court was also filed on his behalf and review was denied. As a result, the only issues that he had for federal habeas review, which is really limited to constitutional issues, has already been decided by our state courts. Furthermore, our state Supreme Court reviewed the Court of Appeals decision and did not feel that the issue raised in the direct appeal were even worthy of review by the state's highest court. As a result, Mr. Murphy had no real issue to litigate at the federal Court level without bringing up new issues at the state court level. For this reason, I advised bringing a post-conviction to the state court. In reviewing all of his materials, I found some evidentiary issues that arguably could have denied him a fair trial. These issues were overlooked by both lawyers. <u>The federal deadline of one year applied to the denial for Review not for</u>

> federal review of any new issues raised in state court.

See January 30, 2007 Affidavit [Docket No. 9], Ex. 8 (emphasis added).

It is apparent from this letter that McMahon misconstrued the application of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) to all challenges arising from a conviction and the tolling provision of § 2254(d)(2), which resulted in her failure to file a state post-conviction petition within the one-year federal statute of limitations for habeas petitions. At most, McMahon's conduct amounts to a mistake or negligence. However, "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." Martin, 408 F.3d at 1093 (citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003)); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863, (2001) ("Further, counsel's failure to recognize the importance of the one-year statute of limitations in section 2244(d)(1) does not necessarily invoke the equitable tolling doctrine. We agree with those courts that have found that counsel' confusion about the applicable statute of limitations does not warrant equitable tolling."). McMahon's mistake as to operation of the statute of limitations for federal habeas petitions does not provide a sufficient basis to permit the equitable tolling of the statute of limitations. As such, Petitioner's action is time-barred under 28 U.S.C. § 2244(d)(1).

**B.    Exhaustion of State-Court Remedies**

Even if this Court had found that the Petition was not time-barred, this Court would have dismissed the Petition on the grounds that Petitioner failed to exhaust his state court remedies. It is well-established that a federal court will not entertain a petition for a writ of

habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; see also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition"—i.e., one that includes both exhausted and unexhausted claims—may be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, Petitioner admitted that he failed to exhaust his state court remedies as to all of the claims in his Petition. Nevertheless, relying on Rhines v. Weber, 544 U.S. 269 (2005), Petitioner has asked this Court to stay his Petition so that he could exhaust his state court remedies. Petitioner's argument is misplaced. In Rhines, the United States Supreme Court addressed "the problem of a 'mixed' petition for habeas corpus relief in which a state

11

prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." 544 U.S. at 271. The Supreme Court went on to hold that "in limited circumstances" a court may stay a mixed habeas petition, "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition." Id. at 271-72, 277.

Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend Rhines to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citation omitted). Further, given that none of Petitioner's claims are exhausted, this Court does not have jurisdiction over this case while Petitioner pursues his claims in state court. See Wilson v. Warren, Civil No. 06-CV-15508, 2007 WL 37756 at *2 (E.D. Mich. Jan. 04, 2007) (citations omitted).

In summary, because Petitioner has not fairly presented any of his current claims for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement, and as such, is not entitled to a stay of his Petition pending exhaustion of state court remedies.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Respondent's Motion to Dismiss [Docket No. 15] be **GRANTED**;

2.      Petitioner's Motion for Stay and Abeyance of this Petition for Writ of Habeas Corpus by a Person Being Held in State Custody [Docket No. 2] be **DENIED**;

3.      Petitioner's Request for Leave to File Supplementary Affidavits and Exhibits [Docket No. 21] be **GRANTED**; and

4.      Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated:     June 25, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 12, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.