**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Darryl Shane Murphy,

      Petitioner,

v.

Robert Feneis,

      Respondent.

Civil No. 07-153 (RHK/JSM)

**ORDER**

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition challenging his 2004 state court conviction for second degree felony murder. (Docket No. 1.) The matter was assigned to Magistrate Judge Janie S. Mayeron, who recommended that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation ["R&R"] dated June 25, 2007; [Docket No. 23].) Petitioner filed objections to the R&R, (Docket No. 24), which prompted this Court to conduct a de novo review of the matter. By order dated August 10, 2007, (Docket No. 27), the Court adopted the R&R, and caused the petition to be dismissed with prejudice.

Petitioner subsequently filed a notice of appeal, seeking appellate review of the order dismissing his habeas petition. (Docket No. 29.) The notice of appeal was accompanied by an application for a Certificate of Appealability, ("COA"), (Docket No. 30), pursuant to 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b)(1). Petitioner did not pay any filing fee for his appeal, but instead filed a motion seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 31.) Thus, the matter is presently

before the Court for the purpose of determining (a) whether Petitioner should be granted leave to proceed IFP on appeal, and (b) whether Petitioner should be granted a COA in this matter.

## DISCUSSION

A. <u>The IFP Application</u>

A litigant who seeks to be excused from paying the $455.00 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. <u>See also</u> Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard, and not by the subjective beliefs of the appellant. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. <u>Id</u>. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he receives a small regular income from a prison job, and that he also receives $700.00 per month as a "tribal per capita." The IFP application further indicates that Petitioner presently has $1,275.00 available to him in cash, or in some type of an account. Based on this information regarding Petitioner's income and assets, the Court cannot find him to be indigent for IFP purposes. Petitioner has not adequately explained why he cannot pay the filing fee for his appeal from his current income and/or the funds that are available to him. Therefore, Plaintiff's IFP

application will be denied.[1]

    B. Certificate of Appealability

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v.

---

[1] Having determined that Petitioner is not financially eligible for IFP status, it is not necessary to determine whether his appeal is brought "in good faith," for purposes of 28 U.S.C. § 1915(a)(3). Nevertheless, the Court will note for the record that Petitioner's appeal does not appear to be "frivolous," as that term has been defined by the Supreme Court, so the appeal would be deemed to be brought "in good faith."

McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

Petitioner has identified four issues that he seeks to raise on appeal, all of which pertain to the Court's determination that his habeas petition should be dismissed on procedural grounds – namely, the one-year statute of limitations. Petitioner claims that: (1) he should have been afforded the benefit of "equitable tolling," in order to preserve the timeliness of his petition; (2) his petition should not have been

4

dismissed "with prejudice;" (3) he should have been afforded an opportunity to "present [his] position[ ]" before having his case dismissed on "'jurisdictional' grounds;" and (4) the Court should have conducted an evidentiary hearing and a cursory examination of the merits of Petitioner's habeas claims, before dismissing his petition based on the statute of limitations. (Application of Petitioner for Certificate of Appealability, [Docket No. 30], pp. 1-2.) The Court finds that Petitioner is not entitled to a COA on any of these grounds.

First, the Magistrate Judge carefully evaluated Petitioner's eligibility for equitable tolling, and the R&R amply explains why equitable tolling is not available in this case. The Eighth Circuit Court of Appeals has clearly and repeatedly said that equitable tolling is available only in "extraordinary circumstances," and its invocation should be "guarded and infrequent." Jihad v. Hvass, 267 F.3d 803, 805, 806 (8th Cir. 2001), (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Furthermore, equitable tolling cannot be based on deficient legal advice alone. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Given the Eighth Circuit's past pronouncements on the subject of equitable tolling, it cannot reasonably be argued that Petitioner is entitled to the benefit of equitable tolling here.

Petitioner also seeks to argue on appeal that this case should not have been dismissed "with prejudice." However, Petitioner's habeas corpus petition was untimely, so this case was properly dismissed "with prejudice," even though the Court did not reach the merits of Petitioner's claims. The case was dismissed "with prejudice" to signify that Petitioner is wholly ineligible for federal habeas corpus review. His case was not dismissed because of a curable procedural defect, (such as failure to exhaust state court remedies), which would not preclude him from seeking federal habeas review in a future petition.

Because Petitioner's current petition is time-barred, he cannot seek federal habeas relief in the future, unless the Eighth Circuit Court of Appeals grants him permission to file another habeas petition pursuant to 28 U.S.C. § 2244(b)(3). Thus, Petitioner's current case was properly dismissed "with prejudice," and the second argument that he seeks to raise on appeal is not reasonably debatable.[2]

Petitioner's third proposed ground for appeal is that the Court should not have dismissed this case "sua sponte, on 'jurisdictional grounds,' without providing either party Fair notice and an opportunity to present their positions." (Application of Petitioner for Certificate of Appealability, at p. 5.) Petitioner cannot be granted a COA on this claim, because it is based on three erroneous premises. First, the case was <u>not</u> dismissed on any "jurisdictional grounds" – it was dismissed because of a procedural defect, namely untimeliness. Second, the case was <u>not</u> dismissed "sua sponte." Respondent filed a motion to dismiss the case, and the case was dismissed pursuant to that motion. Third, Petitioner <u>did</u> have an opportunity to present his position in this matter, in his memorandum "traversing" Respondent's motion to dismiss, (Docket No. 19), and again in his objections to the Magistrate Judge's R&R, (Docket No. 24). Thus, Petitioner's third proposed ground for appeal is clearly unavailing.[3]

Finally, Petitioner contends that he should have been granted an "evidentiary hearing" in this matter.

---

[2] Petitioner continues to argue, as he has since the outset of this case, that his petition should be "held in abeyance," pursuant to <u>Rhines v. Weber</u>, 544 U. S. 269 (2005). However, <u>Rhines</u> is clearly inapplicable here, because the federal statute of limitations had already expired before Petitioner filed his habeas corpus petition. Thus, there are no viable, (i.e., timely), federal habeas claims that could properly be "held in abeyance" pending the outcome of related state court proceedings.

[3] Petitioner also argues that "[a]t the very least," the Court should have given him an "opportunity to amend his petition... so that his petition could be saved from dismissal, forever foreclosing his right to relief via Habeas." (Application of Petitioner for Certificate of Appealability, at p. 6.) However, this case was barred from the outset by the statute of limitations, and no amendment to the petition could have caused it to be timely.

(Application of Petitioner for Certificate of Appealability, at pp. 6-7.)  This argument fails, because Petitioner has failed to explain why an evidentiary hearing supposedly was necessary.  As Petitioner himself has pointed out, he did file a substantial collection of documentary evidence in support of his petition, and those materials were duly considered by the Court.  Petitioner has not identified any other evidence that could have changed the outcome of this case, which could have been presented only by means of an evidentiary hearing.

In sum, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R.  As the Magistrate Judge correctly explained, Petitioner's habeas corpus claims could not be considered on the merits, because his petition was not filed within the one-year limitation period, and equitable tolling is not available.  Petitioner has not offered any viable reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here.  He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review.  Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 31), is DENIED; and

2.  Petitioner's application for a Certificate of Appealability, (Docket No. 30), is DENIED.

Dated:   September  18 , 2007

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Court Judge